*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0425**

State of Minnesota,
Respondent,

vs.

Steven Hamilton Whitney,
Appellant.

**Filed January 30, 2017
Affirmed
Halbrooks, Judge**

Crow Wing County District Court
File No. 18-CR-15-1810

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Candace Prigge, Assistant County
Attorney, Brainerd, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Halbrooks, Judge; and

Kirk, Judge.

**UNPUBLISHED OPINION**

**HALBROOKS**, Judge

Appellant challenges his first-degree arson conviction, arguing the state failed to prove beyond a reasonable doubt that he used a flammable liquid as defined by Minn. Stat. § 609.561, subd. 3(b)(3) (2014). We affirm.

## FACTS

On May 5, 2015, appellant Steven Hamilton Whitney purchased and pumped a small amount of gasoline into a gas can. Whitney then drove to a house where he formerly resided and started a fire near the garage. The fire charred the garage and spread about 30 feet along a nearby fence before the fire department arrived and extinguished it.

Officer Michael Kulzer, who is trained in basic arson investigation, responded to the reported fire and, upon his arrival, noticed a partially melted gas can and smelled the odor of gasoline. Witnesses at the scene identified Whitney as the person who started the fire, and Officer Kulzer saw Whitney purchasing gasoline on surveillance footage at a nearby gas station. Whitney was later arrested and charged with arson.

At trial, Officer Kulzer testified that gasoline is a flammable liquid under the arson statute; but he did not specifically testify to the vapor pressure of gasoline. The jury found Whitney guilty of first-degree arson (flammable liquids) and second-degree arson. This appeal follows.

**D E C I S I O N**

Whitney contends the state did not present sufficient evidence to convict him of first-degree arson because it failed to introduce evidence that gasoline has a vapor pressure not exceeding 40 pounds per square inch at 100 degrees Fahrenheit.

In considering a claim of insufficient evidence, this court must determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). This court must assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). We will not disturb a guilty verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

A person who intentionally damages a building with a fire that he started or accelerated using a flammable liquid commits first-degree arson. Minn. Stat. § 609.561, subd. 3(a), (b)(4) (2014). The jury was instructed that a flammable liquid is "any liquid having a flash point below 100 degrees Fahrenheit and having a vapor pressure not exceeding 40 pounds per square inch absolute at 100 degrees Fahrenheit." *See* Minn. Stat. § 609.561, subd. 3(b)(3) (2014).

Whitney contends that the state did not meet its burden of proof because it failed to prove that gasoline's vapor pressure met the vapor-pressure requirement in the definition of a flammable liquid. *See In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068,

3

1073 (1970) (holding that a defendant cannot be convicted unless the state provides "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

Here, the prosecutor relied on Officer Kulzer's testimony to establish that gasoline is a flammable liquid as defined by the statute. Officer Kulzer did not testify to the vapor pressure of gasoline. But he did testify that "gasoline is a class 1-B flammable liquid." When the prosecutor asked Officer Kulzer whether gasoline met the statutory definition of a flammable liquid, he responded, "It does. It has a flash point of under a hundred degrees. This specifically, I believe, has a flash point of—gasoline specifically has a flash point of 73 degrees."

While it would have been preferable for the prosecutor to have specifically asked Officer Kulzer about the vapor pressure of gasoline, the prosecutor did ask the officer the fundamental question of whether gasoline meets the statutory definition of a flammable liquid. To that question, Officer Kulzer responded affirmatively. This evidence, when viewed in the light most favorable to the conviction, is sufficient to allow a reasonable jury to conclude that gasoline is a flammable liquid.

**Affirmed.**